IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORP.,<br><br>      Debtor.<br><br>———————————————<br><br>HOULIHAN, LOKEY, HOWARD<br>& ZUKIN CAPITAL, INC.,<br><br>      Appellant,<br><br>v.<br><br>NORTHWESTERN CORP.,<br><br>      Appellee. | Chapter 11<br><br>Case No. 03-12872 (JLP)<br><br><br><br><br><br><br><br>Civil Action No. 05-396-JJF |

**MOTION OF HOULIHAN LOKEY, HOWARD & ZUKIN FINANCIAL
ADVISORS, INC. TO VACATE AND/OR MODIFY THE COURT'S
JUNE 29, 2005, ORDER REFERRING THIS MATTER TO MEDIATION**

Houlihan, Lokey, Howard & Zukin Financial Advisors, Inc. ("Houlihan Lokey"),[1] pursuant to Federal Rule of Bankruptcy Procedure 8011(a), hereby moves this Court to modify and/or vacate its June 29, 2005, Order Appointing Special Master/Mediator (the "Mediation Order"), referring the above-captioned appeal to a Special Master/Mediator ("SM/M"). This is an appeal of the Bankruptcy Court's (Judge John L. Petersen presiding) *sua sponte* order reducing the compensation of Houlihan Lokey, financial advisor to the Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 case, which had been previously approved by the Bankruptcy Court (Judge Charles G. Case presiding) under the standard set

---

[1] Although the caption of this matter identifies Houlihan, Lokey, Lokey, Howard & Zukin Capital, Inc. as the appellant, Houlihan, Lokey, Howard & Zukin Financial Advisors, Inc. is the appellant of record.

595163v1

forth in Section 328(a) of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"). Because there is no appellee in this action, and this appeal primarily involves issues of well-established law, Houlihan Lokey requests that the Court terminate the mediation mandated by the Mediation Order and authorize Houlihan Lokey to file its appellate brief forthwith. In support of this Motion, Houlihan Lokey respectfully represents as follows:

## BACKGROUND AND FACTS

1. This is an appeal of the Bankruptcy Court's final order. This Court has jurisdiction herein pursuant to 28 U.S.C. Section 158(a) and Federal Rule of Bankruptcy Procedure 8001.

2. This appeal stems from the Bankruptcy Court's final order of May 5, 2005, on Houlihan Lokey's final fee application in a bankruptcy case in the District of Delaware. The Debtor in this case is NorthWestern Corporation, a Delaware corporation ("NorthWestern," the "Company," or the "Reorganized Debtor"). The Reorganized Debtor filed its Chapter 11 case on September 14, 2003.

3. On October 1, 2003, the United States Trustee for Region 3 ("UST") appointed a Committee of Unsecured Creditors ("Committee" or "Creditors' Committee"). The Creditors' Committee applied to retain and employ Houlihan Lokey pursuant to 11 U.S.C. Section 328(a) on October 17, 2003. Two noteworthy pecuniary terms of Houlihan Lokey's retention provided that the firm would be paid a fixed monthly fee (the "Monthly Fee") and reasonable out-of pocket expenses, and a transaction fee (the "Transaction Fee"), subject to a negotiated reduction credit formula, upon the occurrence of certain events.

4. The United States Trustee for Region 3 ("UST") filed a limited objection (the "Limited Objection") to the Committee's application to employ and retain Houlihan Lokey on

October 31, 2003. The Committee and the UST subsequently resolved the Limited Objection, and on November 18, 2003, counsel for the Committee filed a certification informing the Bankruptcy Court that the UST's Limited Objection had been resolved and attaching thereto a proposed form of order authorizing Houlihan Lokey's retention pursuant to Section 328(a) of the Bankruptcy Code, preserving solely for the UST the right to object to Houlihan Lokey's fee application per the standard contained in 11 U.S.C. Section 330(a). Section 328(a) authorizes a court to approve a professional retention and employment upon reasonable market terms and conditions which can be subsequently abrogated only if the court determines that the terms of employment prove to have been "improvident in light of developments not capable of being anticipated," 11 U.S.C. § 328(a), at the time the employment was approved. The Bankruptcy Court approved Houlihan Lokey's Section 328(a) retention on the terms agreed to by the Committee and the UST by order dated December 8, 2003 (the "Retention Order").

5. Throughout the next thirteen months, Houlihan Lokey submitted a total of eleven fee applications on a regular basis which were approved by the Court without objection from any interested party or creditor.

6. On October 19, 2004, the Bankruptcy Court entered an order confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").

7. Houlihan Lokey filed an amended final fee application on January 21, 2005. On February 10, 2005, the Bankruptcy Court held an initial hearing on the Final Fee Application and deferred ruling at that time. Houlihan Lokey filed a supplement to the amended final fee application on March 6, 2005 (hereinafter, together with the amended final fee application, the "Amended Final Fee Application"). The Bankruptcy Court held a subsequent hearing on the

Amended Final Fee Application on April 5, 2005. Neither the fee examiner assigned to the case nor any party or creditor, including the UST, objected to Houlihan Lokey's Amended Final Fee Application.

8. On May 5, 2005, the Bankruptcy Court issued a memorandum opinion ("Opinion") and order ("Fee Order") reducing Houlihan Lokey's previously approved Monthly Fee by 50% and awarding Houlihan Lokey the adjusted Transaction Fee approved by the Court in the Retention Order.

9. On June 15, 2005, Houlihan Lokey filed a timely Notice of Appeal from the Bankruptcy Court appealing the Bankruptcy Court's final Fee Order. On the same day, Houlihan Lokey filed its Designation of Record and Statement of Issues on Appeal.

10. On May 16, 2005, the Clerk of the Court invoked Standing Order of the Court dated July 23, 2004 (the "Standing Order"), and, accordingly, this Court referred this case to mediation via the Mediation Order which appointed the Honorable Louis C. Bechtle as the mediator. The briefing schedule for this appeal was deferred indefinitely before Houlihan Lokey's time to file an appellate brief expired.

11. By letter dated July 8, 2005, Houlihan Lokey informed Judge Bechtle that this matter essentially consisted of an interpretation of the Bankruptcy Code. A copy of Houlihan Lokey's July 8 letter is attached hereto as Exhibit "A." Houlihan Lokey also informed Judge Bechtle that although the Reorganized Debtor was nominally designated as the appellee, that it had consulted with counsel for Northwestern and was authorized to represent that the Debtor had no objection to this appeal and did not intend to file an appellate brief herein. Houlihan Lokey requested that Judge Bechtle make a finding that mediation is unnecessary in light of these factors, especially due to the absence of an appellee. By order dated July 13, 2003, Judge

595163v1                                           4

Bechtle denied the relief sought in Houlihan Lokey's July 8 letter ( in part, because Judge Bechtle felt that he did not have the authority to set aside the Mediation Order) and recommended that Houlihan Lokey file the instant Motion with the Court. A copy of the July 13, 2005, order is attached hereto as Exhibit "B."

12.     For the reasons stated below, Houlihan Lokey respectfully requests that this Court (i) terminate the mandatory mediation immediately, and (ii) authorize Houlihan Lokey to file its appellate brief forthwith.

## ARGUMENT

13.     The Standing Order states that mandatory mediation is necessary to "assist the *parties* to amicably resolve the disputes which are the subject of appeals before this Court." (emphasis added). The use of the plural demonstrates that the Standing Order, quite logically, contemplates more than one participant in the mediation process.

14.     However, as indicated above, no party or creditor objected to Houlihan Lokey's Amended Final Fee Application. Therefore, there is no participant with whom Houlihan Lokey can engage in mediation, effectively rendering the exercise pointless. The entry of the Fee Order on a *sua sponte* basis presents the rare occasion where mediation cannot achieve an amicable resolution.

15.     Moreover, Houlihan Lokey firmly believes that the prevailing case law and language of the Bankruptcy Code support the conclusion that the Bankruptcy Court erred. There is, therefore, no reasonable, good faith basis for Houlihan Lokey to unilaterally withdraw or otherwise compromise its position in this appeal.

16.     Houlihan Lokey acknowledges that the policy and intent of the Standing Order is to facilitate the expeditious and amicable resolution of appeals from the Bankruptcy Court.

However, for the reasons stated above, Houlihan Lokey sincerely believes that mandatory mediation would be a waste of resources and cause it to incur unnecessary expenses in this case.

17. In short, the matter before the Court is ripe for adjudication and mediation can not compliment the judicial process on the facts of this case, particularly in the absence of a formal appellee.

## CONCLUSION

18. For the foregoing reasons, Houlihan Lokey respectfully requests that the Court enter an order, substantially similar to that attached hereto as Exhibit "C," vacating the Mediation Order and authorizing Houlihan Lokey to timely file its initial appellate brief within fifteen days of entry of the order.

Dated: Wilmington, Delaware
       July 20, 2005

THE BAYARD FIRM

By: _____
Neil B. Glassman, Esq. (No. 2087)
Charlene Davis, Esq. (No. 2336)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Tel: (302) 655-5000

-and-

Richard A. Chesley, Esq. (I.D. No. 06240877)
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Tel: (312) 269-1525

Kevyn D. Orr, Esq. (I.D. No. 443074)
JONES DAY
51 Louisiana Ave., NW, Suite 435
Washington, DC 20001
Tel: (202) 879-5560

*Attorneys for Houlihan Lokey Lokey Howard & Zukin Financial Advisors, Inc.*

## CERTIFICATE OF SERVICE

I, Eric M. Sutty, Esquire, hereby certify that on this 20th day of July 2005, I caused a true and correct copy of the **Motion of Houlihan Lokey, Howard & Zukin Financial Advisors, Inc. to Vacate and/or Modify the Court's June 29, 2005, Order Referring this Matter to Mediation** to be served upon the parties listed below via hand delivery to local parties and via First Class U.S. Mail upon the remaining parties.

| | |
|---|---|
| Victoria Watson Counihan, Esq.<br>William E. Chipman, Jr., Esq.<br>Greenberg Traurig, LLP<br>The Brandywine Building<br>1000 West Street, Suite 1540<br>Wilmington, DE 19801 | Mark Kenney, Esq.<br>Office of the United States Trustee<br>844 King Street, Room 2313<br>Wilmington, DE 19801 |
| Jesse H. Austin, Esq.<br>Karol Denniston, Esq.<br>Paul, Hastings, Janofsky & Walker, LLP<br>600 Peachtree Road, N.E.<br>Atlanta, GA 30308 | William M. Austin, Esq.<br>North Western Corporation<br>125 South Dakota Avenue, Suite 11<br>Sioux Falls, SD 57104-6403 |
| Alan Kornberg, Esq.<br>Talia Gill, Esq.<br>Paul, Weiss, Rifkind, Wharton & Garrison, LLP<br>1285 Avenue of the Americas, 29th Floor<br>New York, NY 10019-6028 | Warren H. Smith<br>Warren H. Smith & Assocs, P.C.<br>325 N. St. Paul, Suite 1275<br>Dallas, TX 75201 |

Eric M. Sutty (No. 4007)