IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>        Reorganized Debtor. | Chapter 11<br><br>Bankruptcy Case No. 03-12872 (JLP) |
| HOULIHAN, LOKEY, HOWARD & ZUKIN CAPITAL, INC.,<br><br>        Appellant,<br><br>        v.<br><br>NORTHWESTERN CORPORATION,<br><br>        Appellee. | CA 05-396-JJF |

ANSWERING BRIEF OF APPELLEE, NORTHWEST CORPORATION, TO OPENING BRIEF OF APPELLANT, HOULIHAN, LOKEY, HOWARD & ZUKIN CAPITAL, INC.

PAUL, HASTINGS, JANOFSKY & WALKER LLP
Jesse H. Austin, III
Karol K. Denniston
Carolyn Chayavadhanangkur
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Telephone: (404) 815-2400

- and -

Dated: September 20, 2005
Wilmington, Delaware

GREENBERG TRAURIG, LLP

Victoria Watson Counihan (No. 3488)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

*Co-Counsel for NorthWestern Corporation*

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................. 1

II. STATEMENT OF THE BASIS OF APPELLATE JURISDICTION ............................... 1

III. STATEMENT OF THE ISSUES PRESENTED AND APPLICABLE STANDARD OF APPELLATE REVIEW ................................................................... 1

IV. STATEMENT OF THE CASE .................................................................................. 2

V. ARGUMENT ........................................................................................................... 2

VI. CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

### CASES

*Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995) .................................................................................................................. 3

### STATUTES & RULES

28 U.S.C. § 158(a) ........................................................................................................ 1

Federal Rule of Bankruptcy Procedure 8001 .............................................................. 1

The appellee, NorthWestern Corporation ("NorthWestern" or the "Reorganized Debtor"), hereby files its answering brief to Houlihan, Lokey, Howard & Zukin Capital, Inc.'s ("Houlihan Lokey") Initial Brief of Appellant ("Houlihan Lokey's Opening Brief").

## I.   PRELIMINARY STATEMENT

This appeal (the "Appeal") arises from Houlihan Lokey's appeal of the Order With Respect to Final Fee Application of Houlihan, Lokey, Howard and Zukin dated May 5, 2005 (the "Final Fee Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Docket No. 3047].

Although NorthWestern did not oppose Houlihan Lokey's fee applications submitted during the Reorganized Debtor's chapter 11 case, or Houlihan Lokey's final fee application, NorthWestern believes that the Bankruptcy Court's Final Fee Order was rightly decided under the applicable law and facts.

## II.   STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

This Court has jurisdiction of the Appeal pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001.

## III.   STATEMENT OF THE ISSUES PRESENTED AND APPLICABLE STANDARD OF APPELLATE REVIEW

NorthWestern believes that Houlihan Lokey has accurately framed the issues presented and applicable standard of appellate review in Houlihan Lokey's Opening Brief. Rather than subject the Court to a redundant recitation of the issues presented and applicable standard of appellate review, the Court is respectfully referred to the "Statement of Issues Presented" and "Standard of Review" contained in Houlihan Lokey's Opening Brief.

## IV.  STATEMENT OF THE CASE

NorthWestern believes that the statement of the case and statement of facts contained in Houlihan Lokey's Opening Brief provides the Court with an accurate summary of the nature of the case, the course of relevant proceedings had before the Bankruptcy Court, the Bankruptcy Court's ruling from which the Appeal has been taken, and statement of facts relevant to the issues presented in the Appeal. Accordingly, rather than subject the Court to a redundant recitation of such matters, the Court is respectfully referred to the "Statement of the Case" and "Statement of Facts" contained in Houlihan Lokey's Opening Brief.

## V.  ARGUMENT

The Memorandum Opinion With Respect to Final Fee Application of Houlihan, Lokey, Howard & Zukin (the "Memorandum Opinion") dated May 5, 2005 [Docket No. 3046] explains the reasoning of the Bankruptcy Court in support of the Final Fee Order. In the Memorandum Opinion the Bankruptcy Court explained that although the Retention Order[1] authorized the retention of Houlihan Lokey pursuant to Section 328(a)[2] of the Bankruptcy Code, the Retention

---

[1] Order Authorizing the Employment and Retention of Houlihan Lokey Howard Zukin Financial Advisors, Inc. as the Financial Advisors for the Official Committee of Unsecured Creditors dated December 8, 2003 [Docket No. 503].

[2] Section 328(a) of the Bankruptcy Code provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

Order did not "expressly and unambiguously state specified terms and conditions (*e.g.*, specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first section of section 328(a), . . . ." *See* Final Fee Order, pages 4-5 (quoting *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995)).

In addition, the Bankruptcy Court examined the language of the Retention Order and concluded that the provision that "all of Houlihan Lokey's fees and expenses in this case, including, without limitation, the Transaction Fee . . . shall be subject to approval by this Court under the standard set forth in Section 328(a) of the Bankruptcy Code . . . ." means that Houlihan Lokey's fees remain subject to review by the Bankruptcy Court to determine if they are reasonable on an hourly basis.

The Bankruptcy Court compared the scope of engagement of Houlihan Lokey as financial advisors to the official committee of unsecured creditors and Lazard Freres & Co. LLC as financial advisors to the debtor and concluded that there was duplication of work. The Bankruptcy Court determined that the duplication of services by the overlapping sets of financial advisors was improvident within the meaning of Section 328(a) of the Bankruptcy Code at the time the Retention Order was entered. In the Final Fee Order the Bankruptcy Court ordered Houlihan Lokey's total request for fees of $4,293,750 allowed in the reduced amount of $3,156,250 (plus $93,190.40 for reimbursement of expenses), based on a fifty percent reduction of the aggregate monthly fees of $2,275,000 and the transaction fee provided for in the Retention Order in the amount of $2,018,750.

NorthWestern believes that the Final Fee Order was correctly decided under the applicable facts and law and that the Bankruptcy Court did not abuse its discretion.

## VI.  CONCLUSION

For the reasons set forth herein, NorthWestern requests that this Court affirm the Final Fee Order, dismiss Houlihan Lokey's Appeal, and grant such other and further relief as it deems appropriate.

Dated: September 20, 2005
       Wilmington, Delaware

PAUL, HASTINGS, JANOFSKY &
   WALKER LLP
Jesse H. Austin, III
Karol K. Denniston
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Telephone: (404) 815-2400

- and -

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Victoria Counihan*

Victoria Watson Counihan (No. 3488)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000
GREENBERG TRAURIG, LLP

*Co-Counsel for NorthWestern Corporation*