NO. 05 - 396 (JJF)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOULIHAN LOKEY HOWARD & ZUKIN FINANCIAL ADVISORS, INC.,

Appellant,

v.

NORTHWESTERN CORPORATION,

Appellee.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

REPLY BRIEF OF APPELLANT

Neil B. Glassman, Esq. (No. 2087)
Charlene Davis, Esq. (No. 2336)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000

Richard A. Chesley, Esq.
JONES DAY
77 West Wacker
Chicago, Illinois 60601-1692
(312) 782-1525 Telephone
(312) 782-8585 Facsimile

Kevyn D. Orr, Esq.
Kevin C. Maclay, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 879-5560 Telephone
(202) 626-1700 Facsimile

**Counsel for Appellant Houlihan Lokey Howard & Zukin Financial Advisors, Inc.**

603484v1

## TABLE OF CONTENTS

      Page

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ......................................................................................................................... 1

CONCLUSION ...................................................................................................................... 5

# TABLE OF AUTHORITIES

Page

**Cases**

*B.U.M. Int'l, Inc.*,
   229 F.3d 824 (9th Cir. 2000) .................................................................................... 3

*In re Federal Mogul Inc.*,
   348 F.3d 390 (3d Cir. 2003) ............................................................................. 2, 3, 4

*Matter of CS Assocs.*,
   1993 WL 315656 (E.D. Pa.) ...................................................................................... 4

*In re Merry-Go-Round Enters., Inc.*,
   244 B.R. 327 (Bankr. D. Md. 2000) .......................................................................... 3

*In re Spm Mfg. Corp.*,
   984 F.2d 1305 (1st Cir. 1993) .................................................................................... 4

*In re Temtechco, Inc.*,
   1998 WL 887256 (Bankr. D. Del.) ............................................................................ 4

*In re Texas Sec., Inc.*,
   218 F.3d 443 (5th Cir. 2000) ..................................................................................... 3

**Statutes**

11 U.S.C. § 328 .................................................................................................... 1, 3

11 U.S.C. § 328(a) .......................................................................................... *passim*

11 U.S.C. § 1103 ....................................................................................................... 3

## ARGUMENT

In its Opening Brief, Houlihan Lokey Howard & Zukin Financial Advisors' Inc. ("Houlihan Lokey") represented to the Court that there would be no opposition to relief being sought. It made that representation based upon the express representations of the Debtors' local counsel -- who has now withdrawn from this appeal (D.I. 11) -- as well as the representations that Debtors' counsel made to both counsel for Houlihan Lokey (See attached Declaration of Kevyn D. Orr, Esq.) and to the mediator appointed in this matter. See July 26, 2005, Letter from Paul, Hastings to the Honorable Louis C. Bechtle (attached at Ex. B to the Declaration of Kevyn D. Orr) ("NorthWestern Corporation ('NorthWestern') . . . does not expect to be an active participant in the Appeals").

Indeed, the Debtors' earlier decision not to participate in this appeal should not be surprising, as the Debtors (i) chose not to object to even one of Houlihan Lokey's eleven interim fee applications, (ii) failed to object to Houihan Lokey's final fee application and supplement thereto, either in writing or at two separate hearings, (iii) submitted no issues on appeal before this Court and (iv) chose not to participate in the Court-mandated mediation. In fact, Debtors' counsel actively participated in the final fee application of its financial advisor, Lazard Freres, which was similarly reduced by the bankruptcy court.

Now, having apparently recognized that it could obtain a potential windfall from one of the professionals that assisted with its successful emergence from chapter 11, the Debtors have filed an Answering Brief ("Answering Br.") that it is as woefully short on substance, as it is on the equities. For these reasons, the Court should reverse the Opinion and Order of the Bankruptcy Court that significantly reduced Houlihan Lokey's compensation that the Debtors had not only agreed to, but which the Bankruptcy Court had approved pursuant to Section 328 of the Bankruptcy Code.

603484v1

In fact, choosing to rely upon no legal authorities, the Debtors merely repeat the bankruptcy court's conclusion that the Retention Order did not "expressly and unambiguously state specified terms and conditions (*e.g.*, specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first section of section 328(a)." Answering Br., at 3. In doing so, the Debtors choose to ignore an undisputed record which establishes that:

- The Retention Order[1] specified that Houlihan Lokey was being retained pursuant to the specific terms and conditions of the Retention Application and Engagement Letter (attached as Exhibit A to the Retention Order);

- Houlihan Lokey's fees -- negotiated with the Debtors -- were also specifically approved, including the payment of a flat monthly fee of $175,000 per month. *See* Retention Order, Exhibit A at 2;

- The amount of a financial advisors' fee indisputably constitutes a "term and condition" of employment under governing Third Circuit precedent. *See, e.g., In re Federal Mogul Inc.*, 348 F.3d 390, 401 (3d Cir. 2003) ("the notion that the amount of a professional's compensation is not a term or condition of employment under Section 328(a) is contrary to precedent interpreting that provision") (citation omitted); and

- It is that very term and condition of employment -- the $175,000 Monthly Fee -- that the bankruptcy court reduced by 50%, despite the earlier order of the bankruptcy court approving that fee pursuant to Section 328(a) of the Bankruptcy Code.

Similarly with no support, the Debtors reiterate the bankruptcy court's contention that the provision in the Retention Order that "all of Houlihan Lokey's fees and expenses in this case, including without limitation, the Transaction Fee . . . shall be subject to approval by this Court under the standard set forth in Section 328(a) of the Bankruptcy Code. . . ." allowed the bankruptcy court to conduct an *ex post* review of those previously-agreed upon fees for reasonableness. Answering Br., at 3. As Houlihan

---

[1] Capitalized terms have the meanings set forth in Houlihan Lokey's Opening Brief.

603484v1

2

Lokey showed in its initial brief, and Debtors clearly do not dispute, Houlihan Lokey was retained pursuant to Section 328(a),[2] and therefore such an *ex post* reasonableness review was unavailable because:

- The Bankruptcy Code provides that where a professional is employed pursuant to Section 328(a), the court may only change such pre-approved terms and conditions "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. 328(a);

- The law is clear that Section 328(a) does not permit an *ex post* reasonableness review. *See, e.g., Federal Mogul*, 348 F.3d at 397 ("A bankruptcy court may not conduct a[n] . . . inquiry into the reasonableness of [a professional's] fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328."), quoting *B.U.M. Int'l, Inc.*, 229 F.3d 824, 829 (9th Cir. 2000); *In re Texas Sec., Inc.*, 218 F.3d 443, 445-46 (5th Cir. 2000) ("[o]nce the bankruptcy court has approved a rate or means of payment, such as a contingent fee, the court cannot on the submission of the final fee application instead approve a 'reasonable' fee under § 330(a), unless the bankruptcy court finds that the original arrangement was improvident due to unanticipated circumstances as required by § 328(a)"); *In re Merry-Go-Round Enters., Inc.*, 244 B.R. at 344 ("once a contingency fee agreement is properly preapproved under 11 U.S.C. § 328(a), the fee produced thereby is no longer subject to a lodestar analysis or an after the fact, *de novo*, determination of reasonableness"); and

- The Bankruptcy Court also failed to recognize that, in the Retention Order, it had *already* found (albeit a different Bankruptcy Judge) that the terms of Houlihan Lokey's engagement were reasonable. Retention Order at 2 ("FOUND that: . . . C. The terms of the Engagement Letter are reasonable terms of employment for purposes of Section 328(a) of the Bankruptcy Code"). *See also Merry-Go-Round*, 244 B.R. at 337 ("Because Snyder, Weiner's fee agreement was expressly approved at the outset under section 328(a) as reasonable, the only issue for resolution now is whether the terms of the agreement were . . . 'improvident in light of developments not capable of being anticipated . . .' when the court approved the agreement.") (citation omitted).

---

[2] The Retention Order itself explicitly states that the retention application by the Official Committee of Unsecured Creditors (the "Committee") was made "*pursuant to Sections 328(a)* and 1103 of the Bankruptcy Code." Retention Order at 1 (emphasis added).

603484v1

3

Finally, the Debtors simply echo the bankruptcy court's unsupported conclusion that alleged duplication of services between Houlihan Lokey as financial advisors to the Official Committee of Unsecured Creditors and Lazard Freres & Co. L.L.C. as financial advisors to the Debtors was "improvident" within the meaning of Section 328(a). The Debtors, however, similarly make no response to Houlihan Lokey's showing that:

- Under 11 U.S.C. § 328(a), terms of compensation can only be changed from Section 328(a) retention order where those terms are not only "improvident," but are improvident "in light of developments *not capable of being anticipated at the time of the fixing of such terms and conditions*.") (emphasis added);

- The Bankruptcy Court relied on the services detailed in *"their respective retention agreements,"* in finding duplication of effort. Mem. Op. at 8 (comparing services listed in Houlihan Lokey's and Lazard's retention agreements) (emphasis added). Thus, even if duplication of effort did occur (a finding which the record expressly rejects), any alleged duplication of effort was not only foreseeable, but was actually foreseen by both the parties and the Bankruptcy Court;

- Moreover, the bankruptcy court did not, because it could not, make the required factual findings of redundancy. *Federal Mogul*, 348 F.3d at 407-08. *See also Matter of CS Assocs.*, 1993 WL 315656 (E.D. Pa. 1993), at * 3 ("Begier and the Trustee had a right to rely on the Bankruptcy Court's pre-approval of the agreement and to expect that any modification would be limited to circumstances supported by evidence as required by § 328(a)"); and

- Even if any duplication of effort did occur, the bankruptcy court ignored the fundamental difference in the role of a committee and its advisors, from a debtor. In fact, a committee cannot, as the bankruptcy court seems to imply, rely solely on information from a debtor, but instead professionals employed by a committee must carry out their own analyses pursuant to their own fiduciary obligations: *In re Spm Mfg. Corp.*, 984 F.2d 1305, 1316 (1st Cir. 1993) (citations omitted) (committee must be "sometimes be adversarial [to the debtor] if it is to fulfill its role in a Chapter 11 case. . . . [t]here is simply no other entity established by the Code to guard those interests [of the creditors it represents]" and to be "a partisan which will aid, assist and monitor the debtor pursuant to its own self-interest."); *In re Temtechco, Inc.*, 1998 WL 887256, at *18 (Bankr. D. Del. 1998) (same).

## CONCLUSION

For the reasons stated in its Opening Brief, Houlihan Lokey respectfully requests that the decision of the Bankruptcy Court be reversed in part and that its Final Fee Application be approved in its entirety.

Dated: Wilmington, Delaware
September 30, 2005

THE BAYARD FIRM

By: *[signature: Charlene Davis]*
Neil B. Glassman, Esq.  (No. 2087)
Charlene Davis, Esq.  (No. 2336)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Tel: (302) 655-5000

-and-

Richard A. Chesley, Esq. (I.D. No. 06240877)
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Tel: (312) 269-1525

Kevyn D. Orr, Esq. (I.D. No. 443074)
Kevin C. Maclay, Esq. (I.D. No.  449059)
JONES DAY
51 Louisiana Ave., NW, Suite 435
Washington, DC  20001
Tel: (202) 879-5560

*Attorneys for Houlihan Lokey Howard & Zukin Financial Advisors, Inc.*

603484v1