IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORP., | : | Case No. 03-12872 (JLP) |
| | : | |
| Debtor. | : | |
| | : | |
| HOULIHAN, LOKEY, HOWARD & ZUKIN CAPITAL, INC., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 05-396-JJF |
| | : | |
| NORTHWESTERN CORP., | : | |
| | : | |
| Appellee. | : | |

### DECLARATION OF KEVYN D. ORR

WASHINGTON            )
                                     )
DISTRICT OF COLUMBIA)

I, Kevyn D. Orr, hereby declare pursuant to section 1746 of title 28 of the United States Code:

1.  I am an attorney in good standing licensed to practice law in the state of Florida and in Washington, the District of Columbia. I am over twenty-one years of age and competent to make this declaration. The matters set forth in this declaration are based on my personal knowledge except as to matters stated on information and belief, which I am informed and believe to be true.

2.      I am a member of the law firm of Jones Day. In this capacity, I am co-counsel of record to the appellant, Houlihan Lokey Howard & Zukin Financial Advisors, Inc. ("Houlihan Lokey") in the above-referenced appeal.

3.      In approximately early July 2005 I contacted William E. Chipman, Jr., Esq., a member of the law firm of Greenberg Traurig, LLP and informed him that Houlihan Lokey had taken an appeal of the Order With Respect to Final Fee Application of Houlihan, Lokey, Howard & Zukin (the "Fee Order") issued by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on May 5, 2005. I contacted counsel to determine whether the debtor, NorthWestern Corporation ("NorthWestern"), intended to participate in this appeal since the company had never objected to any of Houlihan Lokey's eleven interim fee applications or the firm's final fee application (including the amendment and supplement thereto), and did not voice an objection to Houlihan Lokey's final fee application at either of the two hearings on that application. I asked him whether NorthWestern intended to file a brief in this appeal or participate in the mediation. He subsequently informed me that NorthWestern did not intend to participate in the mediation in this matter or file a brief in this appeal. I then confirmed that I was authorized to represent in this matter that NorthWestern did not intend to participate in the mediation of this appeal or file a brief herein.

4.      On July 8, 2005, in reliance on these discussions, I sent a letter to the Honorable Louis C. Bechtle, the mediator assigned to this matter, representing, *inter alia*, that NorthWestern did not intend to file a brief herein in support of Houlihan Lokey's contention that the order referring this matter to mediation should be vacated or modified to terminate the scheduled mediation. (A copy of the July 8, 2005 letter without exhibits is attached hereto as Exhibit A.) NorthWestern's counsel was copied with my July 8 letter to Judge Bechtle.

603485v1                              Page 2

5.  On July 13, 2005, the Honorable Louis C. Bechtle entered "Special Master/Mediator Order No. 1" suggesting to Houlihan Lokey that it file a motion to vacate or modify this Court's June 29, 2005, order appointing him as the special master as Judge Bechtle had no authority to set aside the Court's June 29 order.

6.  Accordingly, on July 20, 2005, Houlihan Lokey filed a motion to vacate or modify this Court's June 29, 2005, order referring this matter to mediation (the "Motion to Vacate"). (D.I. 5) NorthWestern's counsel was served with a copy of the Motion to Vacate.

7.  On July 26, 2005, Karol K. Denniston, Esq. of the Paul Hastings law firm, co-counsel for NorthWestern, sent a letter to the Honorable Louis C. Bechtle stating that NorthWestern "has accepted the lower court's ruling in connection with these matters [referring to both Houlihan Lokey's appeal and the appeal of Lazard Freres & Co., LLC of the Bankruptcy Court's ruling on its final fee application] and does not expect to be an active participant in the Appeals." (A copy of the July 26, 2005, letter without exhibits is attached hereto as Exhibit B.)

8.  This Court entered an order granting Houlihan Lokey's motion to terminate the mediation on August 22, 2005, authorizing Houlihan Lokey to file its initial brief within fifteen days of the date of this order. (D.I. 7).

9.  Houlihan Lokey filed its initial brief on September 6, 2005. On the same date, I provided a courtesy copy of Houlihan Lokey's initial brief to this Court with a letter dated September 2, 2005, wherein I represented to the Court that there was no appellee and that the nominal appellee, NorthWestern, did not intend to file a brief in this matter. NorthWestern's counsel was copied with my September 2, 2005, letter. (A copy of the September 2, 2005, letter is attached hereto as Exhibit C.)

10. I received a copy of NorthWestern's answering brief on September 20, 2005. No one on behalf of NorthWestern ever contacted me to inform me that the debtor intended to file a brief in this matter or withdraw the authority for me to represent that NorthWestern did not intend to do so.

I declare under penalty of perjury that the foregoing is true and correct, and that this Certification was executed on September 30, 2005, at Washington, District of Columbia.

                                                     **/s/ Kevyn D. Orr**
                                                      KEVYN D. ORR

WA-1297189v1