# Exhibit
# A

# JONES DAY

51 LOUISIANA AVENUE, N W. • WASHINGTON D C. 20001-2113
TELEPHONE 202-879-3939 • FACSIMILE: 202-626-1700

July 8, 2005

VIA ELECTRONIC MAIL
AND OVERNIGHT COURIER

The Honorable Louis C. Bechtle, Esq.
Special Master/Mediator
c/o Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia. PA 19102-1916

Re:    *In re: NorthWestern Corporation*, Chapter 11 Bankruptcy
Case No. 03-12872 (JLP), in the United States Bankruptcy
Court for the District of Delaware; *Houlihan, Lokey,
Howard & Zukin Capital, Inc., Appellant v. NorthWestern
Corp., Appellee*, Civil Action No. 05-396-JJF, in the
United States District Court for the District of Delaware

Dear Judge Bechtle:

We represent the appellant Houlihan Lokey Howard & Zukin Financial Advisors, Inc. ("Houlihan") in the referenced appeal.[1]  On May 5, 2005, the Bankruptcy Court issued its final order in effect reducing the fees due to Houlihan as financial advisor to the Committee of Unsecured Creditors (the "Committee") by $1,137,500.00.  Houlihan filed a timely appeal of this order on May 12, 2005.  This letter is a brief explanation of the background of this appeal and an explanation of why Houlihan believes mediation is unnecessary here.

**Factual Background**

The Debtor in the underlying Chapter 11 bankruptcy case is NorthWestern Corporation, a Delaware corporation ("NorthWestern," the "Company," or the "Reorganized Debtor"), which filed its petition on September 14, 2003.  On October 1, 2003, the United States Trustee for Region 3 ("UST") appointed the Committee.  On October 17, 2003, the Committee filed its application to retain and employ Houlihan *nunc pro tunc* (the "Retention Application").  The material terms of Houlihan's retention provided that the firm would be:  (i) retained under

---

[1] Although the caption of the June 29, 2005, Order Appointing Special Master/Mediator identifies Houlihan, Lokey, Howard & Zukin Capital, Inc. as the appellant, Houlihan Lokey Howard & Zukin Financial Advisors, Inc. is the appellant of record.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Louis C. Bechtle, Esq.
Conrad O'Brien Gellman & Rohn, P.C.
July 8, 2005
Page 2


Section 328(a) of the United States Bankruptcy Code (the "Bankruptcy Code"); (ii)  paid a fixed monthly fee of $175,000.00, plus reasonable out-of-pocket expenses; and (iii) paid a Transaction Fee of $2.5 million dollars upon the occurrence of certain transaction, including confirmation of a plan of reorganization.  The Transaction Fee was subject to a negotiated reduction credit formula which reduced the Transaction Fee by a percentage of the monthly fixed fee on an ascending basis starting in the seventh month of Houlihan's employment.

        On October 31, 2003, the UST filed a limited objection (the "Limited Objection") to the Retention Application, which was consensually resolved by counsel to the Committee and the UST.  Accordingly, counsel to the Committee subsequently filed a certification of counsel regarding the resolution of the Limited Objection (the "Certification") including a proposed form of order, which was approved by the Bankruptcy Court by order dated December 8, 2003 (the "Retention Order"), a copy of which is attached hereto as Exhibit A for your convenience.

        The Retention Order explicitly states that Houlihan was retained pursuant to Section 328(a) of the Bankruptcy Code which mandates that the terms and conditions of a professional's retention can not be subsequently abrogated unless the court finds that the original terms are improvident in light of developments that could not have been anticipated at the time the retention was approved.  However, pursuant to the consensual resolution between the Committee and the UST, the Retention Order authorized Houlihan's fees to be examined pursuant to the reasonableness standard of Section 330(a), if, and only if, the UST filed an objection to a Houlihan fee application.

        Throughout the next thirteen months Houlihan submitted a total of eleven fee applications on a regular basis which were approved by the Court without objection from any interested party or creditor, including the UST.

        On October 19, 2004, the Bankruptcy Court entered an order confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").  The Plan became effective on  November 1, 2004.

        Houlihan filed an amended final fee application on January 21, 2005.  On February 10, 2005, the Bankruptcy Court held an initial hearing on the Final Fee Application and deferred ruling at that time.  Houlihan filed a supplement to the amended final fee application on March 6, 2005 (hereinafter collectively, the "Final Fee Application").  The Bankruptcy Court held a subsequent hearing on the Final Fee Application on April 5, 2005.  Neither the fee examiner assigned to the case nor any party or creditor, including the UST, objected to Houlihan's Final Fee Application.

JONES DAY

The Honorable Louis C. Bechtle, Esq.
Conrad O'Brien Gellman & Rohn, P.C.
July 8, 2005
Page 3

On May 5, 2005, the Bankruptcy Court issued a memorandum opinion (the "Opinion") and Order (the "Fee Order") reducing Houlihan's previously approved hourly fee by 50%, while awarding Houlihan the $2,018,750.00 adjusted Transaction Fee that the Bankruptcy Court had also approved pursuant to the Retention Order. Copies of the Opinion and Fee Order are attached hereto as Composite Exhibit B. The net effect was to reduce the total monthly fees authorized to be paid to Houlihan by the Retention Order from $2,275,000.00 to $1,137,500.00. In doing so, the Bankruptcy Court found it improvident that that Houlihan and the Debtor's financial advisor, Lazard Freres & Co. LLC ("Lazard"), had allegedly performed duplicate financial advisory and analysis services which could not have been foreseen at the time Houlihan was originally retained and employed.

Houlihan filed its appeal of the Fee Order on May 12, 2005.

**Current Status**

In this appeal, Houlihan alleges two points of error by the Bankruptcy Court. Specifically, that the Bankruptcy Court (Judge Peterson presiding): (i) erred by reviewing Houlihan's terms and conditions of employment pursuant to Section 330 of the Bankruptcy Code, because the Court had previously (under Judge Case) approved the retention of Houlihan under the standards set forth in Section 328(a) of the Bankruptcy Code; and (ii) abused its discretion by concluding that supposedly unforeseeable circumstances rendered certain provisions of the Retention Order "improvident" within the meaning of Section 328(a) of the Bankruptcy Code.

Houlihan strongly believes that its appeal is well-founded based upon the plain language of the Bankruptcy Code and prevailing Third Circuit case law. Houlihan does not believe that mediation is necessary in this case for two principal reasons. First, there is no appellee. While the Debtor has been nominally designated as the appellee, the Debtor never objected to Houlihan's fees and we have been authorized to represent that the Debtor does not intend to file a reply brief in this matter. Consequently, Houlihan would effectively be mediating with itself. Second, the prevailing case law and language of the Bankruptcy Code support the conclusion that the Bankruptcy Court erred. There is, therefore, no basis for Houlihan to unilaterally withdraw or otherwise compromise its position in this appeal.

In short, there is no appellee. Hence, a necessary party to the mediation is missing and, as a practical matter, a settlement of this appeal can not be facilitated. Accordingly, we respectfully request that the mediation of this appeal be abated and we be authorized to file an initial brief forthwith.

JONES DAY

The Honorable Louis C. Bechtle, Esq.
Conrad O'Brien Gellman & Rohn, P.C.
July 8, 2005
Page 4

      Your attention to and consideration of this matter is appreciated.

                Sincerely,

                Kevin D. Orr

Enclosures

cc:    Richard A. Chesley, Esq.
       William E. Chipman, Jr., Esq.