IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : |
| | : Bankruptcy Case No. 03-12872- |
| Debtor. | : JLP |
| | : |
| HOULIHAN, LOKEY, HOWARD & ZUKIN CAPITAL, INC., | : |
| | : |
| Appellant, | : |
| | : Civil Action No. 05-396-JJF |
| v. | : |
| | : |
| NORTHWESTERN CORPORATION, | : |
| | : |
| Appellee. | : |

Neil B. Glassman, Esquire and Charlene Davis, Esquire of THE
BAYARD FIRM, Wilmington, Delaware.
Of Counsel: Richard A. Chesley, Esquire of JONES DAY, Chicago,
Illinois; Kevyn D. Orr, Esquire and Kevin C. Maclay, Esquire of
JONES DAY, Washington, D.C.
Attorneys for Appellant Houlihan, Lokey, Howard & Zukin Capital,
Inc.

Victoria Watson Counihan, Esquire and William E. Chipman, Jr.,
Esquire of GREENBERG TRAURIG, LLP, Wilmington, Delaware.
Of Counsel: Jesse H. Austin, III, Esquire, Karol K. Denniston,
Esquire, and Carolyn Chayavadhanangkur, Esquire of PAUL,
HASTINGS, JANOFSKY & WALKER LLP, Atlanta, Georgia.
Attorneys for Appellee NorthWestern Corporation.

**MEMORANDUM OPINION**

November 8, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an appeal by Houlihan, Lokey, Howard & Zukin Capital Inc. ("Houlihan") from the May 5, 2005 Order (the "Fee Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). (Bankr. Case No. 03-12872, D.I. 3047.) Houlihan was retained as a financial advisor by the Official Committee of Unsecured Creditors of NorthWestern Corporation ("NorthWestern") in connection with NorthWestern's Chapter 11 bankruptcy case. By its appeal, Houlihan contends that the Bankruptcy Court erred in sua sponte reducing its monthly fee by 50%. For the reasons set forth below, the Court will reverse the Fee Order of the Bankruptcy Court with regard to the reduction of Houlihan's monthly fee and affirm the Fee Order with regard to the award of a transaction fee and reimbursement of actual, necessary expenses.

## BACKGROUND

In October, 2003, the Official Committee of Unsecured Creditors of NorthWestern Corporation (the "Committee") applied to the Bankruptcy Court for an order authorizing and approving the retention of Houlihan as financial advisor for the Committee. On December 8, 2003, the Bankruptcy Court issued the order (the "Retention Order"). (Bankr. Case No. 03-12872, D.I. 503.) The Bankruptcy Court attached to the Retention Order as exhibit

1

A, a letter (the "Engagement Letter") setting forth the terms and conditions of the Committee's engagement of Houlihan. The Engagement Letter included a term providing that the Debtor, NorthWestern, would pay Houlihan a fee of $175,000 per month. In the Retention Order, the Bankruptcy Court found that "[t]he terms of the Engagement Letter are reasonable terms of employment for purposes of Section 328(a) of the Bankruptcy Code . . . ." (Id. at 2.) The Retention Order also provided that "notwithstanding anything to the contrary herein or in the Engagement Letter, all of Houlihan Lokey's fees and expenses . . . shall be subject to approval by this Court under the standard set forth in Section 328(a) of the Bankruptcy code . . . ." (Id. at 5.)

Houlihan's final fee application requested payment of monthly fees totaling $2,275,000.00 for thirteen months of work at the approved rate of $175,000 per month, a transaction fee of $2,018,750.00, and reimbursement of actual, necessary expenses of $108,541.42. On February 10, 2005, and April 5, 2005, the Bankruptcy Court held hearings on Houlihan's final fee application. No objection was raised to the final fee application by any party, including the fee auditor or the United States Trustee. On May 5, 2005, the Bankruptcy Court issued the Fee Order and an accompanying Memorandum Opinion (the "Opinion"), In re NorthWestern Corp., 325 B.R. 346 (Bankr. D. Del. 2005).

The Fee Order awarded Houlihan the full transaction fee, but reduced the monthly fee by 50% to a total of $1,137,500.00 and the amount requested for reimbursement of actual, necessary expenses to $93,109.40.

## DISCUSSION

### I. Standard Of Review

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In reviewing an award of fees by the Bankruptcy Court, the Court applies an abuse of discretion standard. Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 257 (3d Cir. 1995). An abuse of discretion can occur "if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." In re Cendant Corp. Securities Litigation, 404 F.3d 173, 186 (3d Cir. 2005) (quoting Zolfo, 50 F.3d at 257).

### II. The Parties' Contentions

Houlihan contends that the Bankruptcy Court abused its discretion in two ways: first, by applying an improper legal standard by reviewing the terms and conditions of Houlihan's engagement pursuant to § 330(a) of the Bankruptcy Code; and second, by erroneously finding that duplication of services by Houlihan and Lazard Freres & Co. LLC ("Lazard"), NorthWestern's

3

financial advisor, rendered Houlihan's monthly fee improvident within the meaning of § 328(a) of the Bankruptcy Code. In response, NorthWestern filed an Answering Brief (D.I. 10) in which it indicated agreement with the Bankruptcy Court's Fee Order and Opinion, but offered no argument of its own.

III.  **Whether The Bankruptcy Court Abused Its Discretion By Reviewing Houlihan's Fee Under § 330(a) Of The Bankruptcy Code**

Section 330(a) of the Bankruptcy Code allows a court to award less than the total amount of compensation requested by a professional for work performed in connection with a bankruptcy proceeding. 11 U.S.C. § 330(a)(2). In determining the appropriate amount of compensation under § 330(a), a court must conduct an analysis based on reasonableness. 11 U.S.C. § 330(a)(3). However, once the Bankruptcy Court has determined that the terms and conditions of a professional's compensation are reasonable, it may thereafter reduce that compensation only if it determines, under § 328(a), that "such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." In re Federal Mogul-Global Inc., 348 F.3d 390, 397 (3d Cir. 2003).

Here, the Bankruptcy Court, in the Retention Order, had determined that the terms of the Engagement Letter were

4

reasonable, including the term that fixed Houlihan's monthly fee at $175,000. Therefore, in reviewing Houlihan's final fee application, the Bankruptcy Court was constrained to apply only the legal standard of § 328(a). The Court concludes that, to the extent that the Bankruptcy Court based its decision to reduce Houlihan's monthly fee on a reasonableness analysis under §330(a), it applied an improper legal standard and thus, abused its discretion.

IV. **Whether The Bankruptcy Court Abused Its Discretion By Finding That Houlihan's Monthly Fee Was Improvident Within The Meaning of § 328(a) Of The Bankruptcy Code**

Although the Bankruptcy Court's Opinion contains an extensive discussion of the reasonableness of Houlihan's compensation, its conclusion appears to be based primarily on a finding that duplication of services by Lazard and Houlihan rendered Houlihan's previously approved monthly fee improvident within the meaning of § 328(a). See In re NorthWestern, 325 B.R. at 353-54.

Under § 328(a), only "developments not capable of being anticipated at the time of the fixing of [the] terms and conditions" of engagement may render a previously approved term improvident. 11 U.S.C. § 328(a). To support its finding of improvidence under § 328(a), the Bankruptcy Court found that the duplication of services by Lazard and Houlihan could not have

5

been foreseen by the Bankruptcy Court at the time it approved the Committee's application to retain Houlihan. Id. at 354. However, as the Bankruptcy Court pointed out in its Opinion, the duplicative services that concerned it were clearly set forth in the respective engagement agreements of the two firms. Id. at 351. Thus, whether or not those services were inappropriately duplicative, the potential for duplication was certainly not unforeseeable. The Court concludes, therefore, that the Bankruptcy Court abused its discretion by basing its reduction of Houlihan's monthly fee on a clearly erroneous finding of fact.

The Bankruptcy Court did not explain its decision to award reimbursement of actual, necessary expenses of $93,109.40 rather than the $108,541.52 requested by Houlihan. However, Houlihan does not dispute that reduction, so the Court will affirm that portion of the Bankruptcy Court's award. Finally the Court concludes that the Bankruptcy Court did not abuse its discretion in awarding Houlihan a transaction fee of $2,018,750.00.

## CONCLUSION

Having found that the Bankruptcy Court abused its discretion in reducing Houlihan's monthly fee, the Court will reverse the Fee Order of the Bankruptcy Court and approve Houlihan's final fee application for monthly fees totaling $2,275,000.00. The Court will affirm the Bankruptcy Court's award of a

6

transaction fee of $2,018,750.00 and reimbursement of actual, necessary expenses of $93,109.40.

An appropriate order will be entered.